UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BOARD OF TRUSTEES, IN THEIR
CAPACITIES AS TRUSTEES OF THE
LABORERS HEALTH AND WELFARE
TRUST FUND FOR NORTHERN
CALIFORNIA, et al.,

          Plaintiffs,

    v.

SANTA CRUZ UNDERGROUND AND
PAVING, INC., et al.,

          Defendants.

Case No. 21-cv-05105-JCS

**ORDER REGARDING MOTION TO
DISMISS THIRD-PARTY COMPLAINT**

Re: Dkt. No. 38

## I.      INTRODUCTION

Defendant Santa Cruz Underground and Paving, Inc. ("SCUP") filed a third-party complaint[1] for indemnity and breach of contract against Third-Party Defendant Vance Brown, Inc. ("VBI"). VBI now moves to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that contractual limitations provisions time-bar SCUP's third-party complaint. The Court held a hearing on the motion on Friday, June 24, 2022, at 9:30 a.m. For the reasons discussed below, VBI's motion is GRANTED, and SCUP's third-party complaint is DISMISSED.[2]

---

[1] SCUP incorrectly styled its pleading as a "cross-claim" under Rule 13(g) of the Federal Rules of Civil Procedure. Because VBI was not a party to the underlying suit, this Court properly construes SCUP's pleading as a "third-party complaint" under Rule 14(a)(1) of the Federal Rules of Civil Procedure.

[2] The parties have consented to the jurisdiction of a magistrate judge for all purposes pursuant to 28 U.S.C. § 636(c).

United States District Court
Northern District of California

## II.   BACKGROUND

### A.   Procedural History

The Board of Trustees of several Laborers Trust Funds ("Trust Funds") filed this action on July 1, 2021 against SCUP, a construction subcontractor, alleging breach of contract for failure to pay contributions and fringe benefits owed on five construction projects. Compl. (dkt. 1). The Trust Funds assert claims under Section 502 of the Employee Retirement Income Security Act, as amended, 29 U.S.C. § 1132, and Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185. Compl. at 2. On January 7, 2022, SCUP filed a third-party complaint for indemnity and breach of contract against VBI, the general contractor on two construction projects at issue in the underlying lawsuit. Third-Party Compl. ("TPC," dkt. 28).

### B.   Allegations of the Third-Party Complaint

SCUP performed work for VBI under two subcontracts for projects that are at issue in the Trust Funds' Complaint: the Palo Alto High School Gym project ("Palo Alto Project"), which was substantially complete in June of 2017, and the Park Plaza project ("Park Plaza Project"), which was complete in 2015. *Id.* ¶¶ 7, 9–10. The Trust Funds claim SCUP owes delinquent contributions, liquidated damages, and interest on both projects totaling $179,549.41. *Id.* ¶¶ 9–10, 20. The contributions claimed on the Palo Alto Project alone are 75% of the total contributions claimed in the underlying lawsuit, which also relates to other projects for which SCUP does not seek indemnity from VBI. *Id.* ¶ 9; Compl. at 3.

SCUP asserts that VBI is primarily liable for all amounts that the Trust Funds claim are due on the Palo Alto Project and the Park Plaza Project. TPC ¶ 19. VBI is signatory to Master Labor Agreements ("MLAs") that cover the time period for both projects and is therefore an "Individual Employer" under its terms. *Id.* ¶ 13; *see* Reply (dkt. 44) at 3; Compl. Exs. A–C.[3]

---

[3] The Trust Funds incorporate three MLAs in their complaint as Exhibits A, B, and C. Compl. at 3. Exhibits A and B are signed by the Northern California District Council of Laborers of the Laborers' International Union of North America ("Union") and the Construction Employers' Association of California, Inc. and cover 2012 to 2015 and 2014 to 2019, respectively. *Id.* Ex. A at 1, 36; *id.* Ex. B at 1, 36. Exhibit C is signed by the Union and the Associated General Contractors of California, Inc. for the period of 2012 to 2015. *Id.* Ex. C at 1, 32. SCUP alleges, and VBI concedes, that VBI is signatory to the MLAs, suggesting that VBI is a member of the trade associations that signed the MLAs. TPC ¶ 13; *see* Reply at 3. The Trust Funds allege that

Section 11 of the MLAs states, in part:

> The Individual Employer will give written notice to the Union of any subcontract involving the performance of work covered by this Agreement within five (5) days of entering such subcontract . . . In the event the Individual Employer fails to give written notice of a subcontract as required herein such Individual Employer shall be liable for all delinquencies of the subcontractor on that job or project without limitation.

Compl. Ex. A at 20; *id.* Ex. B at 20; *id.* Ex. C at 17–18.  SCUP alleges that VBI did not provide the Union with the contractually required written notice of the subcontracts for the Palo Alto Project and the Park Plaza Project, and therefore VBI remains primarily liable to the Trust Funds for the amounts they claim are due on both projects.  TPC ¶¶ 18–20.  SCUP also directs the Court to its alleged modification of its bid proposal in the Palo Alto Project subcontract, wherein the pre-printed "Non-Union" designation is circled in red, although no initials are ascribed to that modification.  *Id.* ¶ 8; *id.* Ex. 1 at 1.

SCUP asserts claims for indemnity and breach of contract against SCUP.  *Id.* ¶¶ 16–27.  Both claims contend that VBI is primarily liable to the Trust Funds for the delinquent contributions owed on the Palo Alto Project and the Park Plaza Project.  *Id.* ¶¶ 19, 24.  SCUP requests no less than $179,549.41 in damages from VBI, plus interest and attorneys' fees, as a direct and proximate result of VBI's alleged breach of Section 11 of the MLAs.  *Id.* ¶¶ 20, 27.[4]

### C.   Terms of the Subcontracts

SCUP's work on the Palo Alto Project and the Park Plaza Project arose from the subcontracts ratified by VBI and SCUP.  Two provisions of the subcontracts are pertinent to the motion.  First, the subcontracts contain a limitations provision that bars suit beginning two years after completion or cessation of the projects.  Brown Decl. (dkt. 38-1) Ex. 1 at ECF p. 157; *id.* Ex.

---

SCUP is signatory and bound to written collective bargaining agreements with the Union, Compl. at 3, although neither SCUP nor VBI address that allegation.
[4] SCUP does not claim that the MLAs constitute agreements between SCUP and VBI.  The Court understands SCUP's claims as suggesting that SCUP is a third-party beneficiary to the MLAs, although it has not made that argument explicit.

United States District Court
Northern District of California

2 at ECF p. 273.[5] Section 9 of the "Terms and Conditions" of SCUP's bid proposals[6] states:

> **9. Limitations.** No action arising from or related to the Contract, or the performance thereof, shall be commenced by either party against the other more than two years after the completion or cessation of work under this contract. This limitation applies to all actions of any character, whether at law or in equity, and whether sounding in contract, tort or otherwise. This limitation shall not be extended by any negligent misrepresentation or unintentional concealment, but shall be extended as provided by law or willful fraud, concealment or misrepresentation.

*Id.* Ex. 1 at ECF p. 157; *id.* Ex. 2 at ECF p. 273. Second, the subcontracts contain a labor provision that acknowledges that the projects are covered by union labor agreements and requires SCUP to comply with the terms and conditions of those agreements. Section 5 of VBI's "General Terms of Subcontract"[7] states, in part:

> Subcontractor acknowledges that Contractor has entered into labor agreements covering work at its jobsites with the following labor unions: carpentry, cement masons and laborers. Subcontractor expressly agrees that all of the provisions of the applicable labor agreements are incorporated into this Agreement as if set forth herein in their entirety. Subcontractor agrees to comply with all of the terms and conditions of the applicable labor agreements as if it were a party to said agreements, including signatory status if required.

*Id.* Ex. 1 at ECF p. 166; *id.* Ex. 2 at ECF p. 281.

### D.   The Parties' Arguments

#### 1.   VBI's Motion to Dismiss

In its motion to dismiss, VBI does not address the merits of SCUP's claims. Rather, VBI

---

[5] The two subcontracts attached as exhibits to the declaration of Loren Brown each include layers of nested exhibits without consistent internal pagination. For clarity, this order cites those exhibits using the page numbers assigned by the Court's ECF filing system.

[6] The subcontracts vaguely incorporate SCUP's bid proposals, including their "Terms and Conditions," as "Exhibits" and "Contract Documents," although that term is not defined. Brown Decl. Ex. 1 at ECF pp. 6–7; *id.* Ex. 2 at ECF pp. 200–01. The subcontracts are signed by both parties, but SCUP's bid proposals, attached as exhibits to the subcontracts, are not signed. *Id.* Ex. 1 at ECF pp. 9, 153–54; *id.* Ex. 2 at ECF pp. 203, 269-70. The versions of the bid proposals attached to the subcontracts are digitally amended with red markup. *Id.* Ex. 1 at ECF pp. 153–54; *id.* Ex. 2 at ECF pp. 269-70. SCUP asserts that its president signed the bid proposal for the Palo Alto Project, although SCUP has not provided the Court with that signature. TPC ¶ 8. Regardless, neither party disputes that SCUP's bid proposals for both projects are incorporated in the respective subcontracts and are therefore binding.

[7] The subcontracts explicitly incorporate VBI's "General Terms of the Subcontract" as "General Terms." Brown Decl. Ex. 1 at ECF p. 6; *id.* Ex. 2 at ECF p. 200.

1    moves to dismiss SCUP's third-party complaint on the basis that the suit is time-barred by the

2    limitations provisions of the subcontracts because the suit was not brought within two years of

3    completion or cessation of the projects.  Mot. (dkt. 38) at 1.

4         VBI argues that SCUP's claims for relief for indemnity and breach of contract arise from

5    or relate to the subcontracts or their performance.  *Id.* at 3.  VBI contends that if SCUP had not

6    performed the subcontracted work on the Palo Alto Project and the Park Plaza Project, there would

7    be no dispute over delinquent contributions for these projects, no complaint filed by the Trust

8    Funds against SCUP regarding these projects, and no third-party complaint filed by SCUP against

9    VBI.  *Id.* at 3–4.  Hence, VBI asserts that the subcontracts, not the MLAs, are the contracts that

10   SCUP must plead that VBI breached.  *See id.* at 4.  VBI also distinguishes contractual indemnity

11   from equitable indemnity, asserting that because SCUP's indemnity claim "is essentially a breach

12   of contract claim," the extent of the duty to indemnify "must be determined from contract and not

13   by reliance on independent doctrine of equitable indemnity."  *Id.* (citing *Herman Christensen &*

14   *Sons, Inc. v. Paris Plastering Co.*, 61 Cal. App. 3d 237, 245 (1976)).  Moreover, VBI argues that

15   contractual limitations on the time to file suit are valid, enforceable, and routinely enforced,

16   including for contractual indemnity suits, so long as the limitations are reasonable.  *Id.* at 4–5.

17   VBI also asserts that the law does not excuse ignorance of a contractual limitations period,

18   although SCUP does not argue on these grounds.  *Id.* at 5.

19        Finally, VBI asserts that the contractual limitations on SCUP's third-party complaint

20   expired several years prior to its filing in 2022.  *Id.* at 6–7.  VBI argues, and SCUP concedes, that

21   SCUP agreed to the terms of the subcontracts, that the Park Plaza Project was complete in 2015,

22   and that the Palo Alto Project was substantially complete[8] in June of 2017.  *Id.*; *see* TPC ¶¶ 9–10,

23   16, 25.  Accordingly, VBI concludes that the contractual period for filing a claim pertaining to the

---

[8] SCUP describes the Palo Alto Project as "substantially complete" in June of 2017.  TPC ¶ 9.
VBI argues that the distinction between "complete" and "substantially complete" is of no
consequence because substantial completion, "the stage when a construction project is deemed
sufficiently completed to the point where the owner can use it for its intended purpose," "triggers
the running of limitations periods."  Mot. at 6 n.3.  Moreover, VBI asserts that the Palo Alto
Project was in fact "complete" in 2017 according to a public report and a "Certification of
Compliance" letter from the State of California Department of General Services, Division of the
State Architect.  Brown Decl. ¶¶ 7–8; *id.* Exs. 3, 4.

United States District Court
Northern District of California

Park Plaza Project expired in 2017, and the contractual period for filing a claim pertaining to the Palo Alto Project expired in 2019.  Mot. at 6–7.  VBI argues, therefore, that SCUP's third-party complaint is time-barred and should be dismissed with prejudice and without leave to amend.  *Id.* at 7.

### 2.    SCUP's Opposition

In its opposition to VBI's motion to dismiss, SCUP reasserts that VBI is "primarily liable" to the Trust Funds for any delinquencies by SCUP on the Park Plaza Project and the Palo Alto Project because VBI failed to provide notice of the subcontracts in accordance with Section 11 of the MLAs.  Opp'n (dkt. 43) at 3.  SCUP argues that VBI's motion misconstrues SCUP's indemnity claim because VBI's obligations to indemnify SCUP arise entirely out of the MLAs, not the subcontracts.  *Id.* at 1–2.  SCUP also argues that VBI's motion misstates SCUP's breach of contract claim because it was VBI's breach of the MLAs, not the subcontracts, that will cause harm to SCUP if VBI does not indemnify it.  *Id.*

Second, SCUP asserts that the MLAs are not incorporated in the subcontracts by reference and therefore are not subject to the subcontracts' limitations provisions.  *Id.* at 3.  SCUP asserts that the reference to the union labor agreements in the subcontracts is insufficient for incorporation under California law, because in order for one document to incorporate another by reference, "[t]he reference to the incorporated document must be clear and unequivocal and the terms of the incorporated document must be known or easily available to the contracting parties."  *Id.* (quoting *Slaught v. Bencomo Roofing Co.*, 25 Cal. App. 4th 744, 748 (1994)).  SCUP argues that the "vague acknowledgment" of labor agreements in Section 5 of the "General Terms" to the subcontracts does not meet this standard.  *Id.* at 3–4 (citing *Cariaga v. Loc. No. 1184 Laborers Int'l Union of N. Am.*, 154 F.3d 1072, 1074–1075 (9th Cir. 1998) (holding that a subcontract's "general reference to the 'terms and conditions of Contractor's labor agreements'" was insufficient for incorporating an MLA in a subcontract)).  SCUP argues that because the MLAs are not incorporated into the subcontracts, SCUP's claims against VBI are not governed by the limitations provisions.  *Id.* at 4.

Third, SCUP reiterates that its indemnity claim against VBI, whether in equity or contract,

1    is not time-barred because it does not arise from the subcontracts.  *Id.*  SCUP does not specify the

2    type of indemnity claim it alleges.  Regardless, SCUP asserts that it has sufficiently pled a cause

3    of action for indemnity because VBI is liable, "in part," for the expense that SCUP has incurred

4    defending itself against the Trust Funds' claims and the expense it will incur if found liable.  *Id.* at

5    4–5.  Moreover, SCUP asserts that as a matter of equity, VBI should not be able to avoid its

6    obligation to SCUP under the MLAs simply because the Trust Funds opted not to name VBI in

7    their complaint.  *Id.* at 5.

8         Lastly, SCUP argues that its third-party complaint promotes the interests of judicial

9    efficiency.  *Id.*  SCUP asserts that because its claims against VBI are based on VBI's derivative

10   liability to the Trust Funds, SCUP's third-party complaint eliminates the need to bring a separate

11   action against VBI.  *Id.*

12              **3.    VBI's Reply**

13        In its reply, VBI reasserts that the limitations provisions of the subcontracts apply to

14   SCUP's third-party complaint because SCUP's claims necessarily "arise from or relate to the

15   subcontracts or performance of work under the subcontracts."  Reply at 2.  VBI argues that

16   SCUP's attempt to divorce the subcontracts from its third-party complaint fails because "SCUP

17   has no tie into the MLA whatsoever without the subcontracts between SCUP and VBI."  *Id.* at 3.

18        Second, VBI argues that any distinctions between types of indemnity are irrelevant in this

19   case because an indemnity claim of any kind that pertains to the subcontracts, or their

20   performance, is barred by the limitations provisions.  *Id.* at 3–4.  VBI distinguishes the authorities

21   SCUP cites in support of its indemnity claim, noting that none of them involved a contractual

22   limitation on the time to file suit.  *Id.* at 3.

23        Third, VBI dismisses SCUP's argument that the MLAs are not incorporated in the

24   subcontracts by reference as both irrelevant and erroneous.  *Id.* at 4–6.  First, VBI asserts that this

25   argument is irrelevant because the MLAs are already before the Court, Compl. Exs. A–C, so the

26   Court can take judicial notice of them.  Reply at 4–5.[9]  Next, VBI contends that the authorities

27

28   [9] While VBI seems to have construed SCUP's incorporation-by-reference argument as suggesting
     that the MLAs cannot be considered by the Court on this motion to dismiss under Rule 12(b)(6),

United States District Court
Northern District of California

SCUP cites in fact support finding that the MLAs are incorporated in the subcontracts under Section 5 of their "General Terms." *Id.* at 5.  Ultimately, VBI asserts that the limitations provisions bar SCUP's third-party complaint regardless of whether the MLAs are incorporated in the subcontracts, because without the subcontracts, SCUP would have no connection to the MLAs and therefore no claims against VBI. *Id.* at 5–6.

Finally, VBI argues that SCUP's judicial efficiency argument is irrelevant and misplaced because its motion does not present questions of interpleader or the Court's supplemental subject matter jurisdiction. *Id.* at 6.  Rather, VBI asserts that its motion exclusively considers whether SCUP's third-party complaint is time-barred by the limitations provisions. *Id.*

## III.    ANALYSIS

### A.    Legal Standard

A complaint (or similar pleading) may be dismissed for failure to state a claim on which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  "The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint." *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  Generally, a claimant's burden at the pleading stage is relatively light.  Rule 8(a) of the Federal Rules of Civil Procedure requires that a "pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).

In ruling on a motion to dismiss under Rule 12(b)(6), the court takes "all allegations of material fact as true and construe[s] them in the light most favorable to the nonmoving party." *Parks Sch. of Bus. v. Symington, Inc.*, 51 F.3d 1480, 1484 (9th Cir. 1995).  Dismissal may be based on a lack of a cognizable legal theory or on the absence of facts that would support a valid theory.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  The claim must be

the Court understands that argument instead as contending that the subcontracts' limitations provisions cannot be applied to a claim for breach of the MLAs unless the subcontracts incorporate the MLAs.  The merits of that argument are addressed below in the analysis portion of this order.  The parties do not appear to dispute, and the Court agrees, that the MLAs at issue are properly before the Court as exhibits to the complaint or as incorporated by reference by the third-party complaint.  *See Steinle v. City & Cnty. of San Francisco*, 919 F.3d 1154, 1163 (9th Cir. 2019).

United States District Court
Northern District of California

1    "'plausible on its face,'" which generally requires that the claimant must plead sufficient factual

2    allegations to allow "the court to draw the reasonable inference that the defendant is liable for the

3    misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v.*

4    *Twombly*, 550 U.S. 544, 556 (2007)).

5        "[P]laintiffs ordinarily need not plead on the subject of an anticipated affirmative defense";

6    such defenses are relevant on a motion under Rule 12(b)(6) only when they are "obvious on the

7    face of a complaint" or from facts subject to judicial notice. *Rivera v. Peri & Sons Farms, Inc.*,

8    735 F.3d 892, 902 (9th Cir. 2013) (citations and internal quotation marks omitted); *see also*, *e.g.*,

9    *Special Situations Fund III QP, L.P. v. Marrone Bio Innovations, Inc.*, 243 F. Supp. 3d 1109, 1122

10   (E.D. Cal. 2017).

### B.    Elements of SCUP's Claims

#### 1.    Indemnity

13       California Civil Code section 2772 provides that "[i]indemnity is a contract by which one

14   engages to save another from a legal consequence of the conduct of one of the parties, or of some

15   other person."  Cal. Civ. Code § 2772.  Under California law, the "elements of a cause of action

16   for indemnity are (1) a showing of fault on the part of the indemnitor and (2) resulting damages to

17   the indemnitee for which the indemnitor is contractually or equitably responsible." *Expressions at*

18   *Rancho Niguel Ass'n v. Ahmanson Dev., Inc.*, 86 Cal. App. 4th 1135, 1139 (2001).  California

19   courts distinguish "express indemnity," which arises out of an express indemnity provision in a

20   contract, from "equitable indemnity," which arises "from the equities of particular circumstances."

21   *Prince v. Pac. Gas & Elec. Co.*, 45 Cal. 4th 1151, 1157 (2009).  A third type, "implied contractual

22   indemnity," is implied from a contractual relationship between parties even if the contract does not

23   have an express indemnity provision, although that type is "now viewed simply as 'a form of

24   equitable indemnity.'" *Id.* (citations omitted).

25       SCUP does not describe the type of indemnity claim it has filed, although it asserts that

26   "[i]indemnity is essentially an equitable action."  Opp'n at 4.  But claims of equitable indemnity

27   generally require an underlying "tort liability against the proposed indemnitor," which is not

28   apparent in this case. *See BFGC Architects Planners, Inc. v. Forcum/Mackey Constr., Inc.*, 119

United States District Court
Northern District of California

United States District Court
Northern District of California

1    Cal. App. 4th 848, 852–53 (2004) (holding that an "improper attempt to recast a breach of contract

2    cause of action as a tort claim" precluded a claim for equitable indemnity).  SCUP and VBI had a

3    contractual relationship under the subcontracts, although SCUP has not argued that the

4    subcontracts contain an express indemnity provision or otherwise imply indemnity.  Rather, SCUP

5    argues that VBI's obligation to indemnify SCUP arises from (1) VBI's alleged breach of Section

6    11 of the MLAs and (2) the damages SCUP has suffered defending itself against the Trust Funds'

7    claims plus future damages it will suffer if found liable.  Opp'n at 4–5.  This formulation suggests

8    that SCUP is suing VBI for express indemnity as a third-party beneficiary of the MLAs, which

9    would require SCUP to show that Section 11 of the MLAs manifested an intent to confer a benefit

10   on SCUP.  *See* Cal. Civ. Code § 1559; *Spinks v. Equity Residential Briarwood Apartments*, 171

11   Cal. App. 4th 1004, 1022 (2009) ("[I]t is not enough that the third party would incidentally have

12   benefitted from performance . . . The contracting parties must have intended to confer a benefit on

13   the third party." (citations and internal quotation marks omitted)).

14              **2.    Breach of Contract**

15        SCUP is also suing VBI for breach of contract.  TPC ¶¶ 21–27.  Under California law, the

16   "cause of action for damages for breach of contract is comprised of the following elements: (1) the

17   contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4)

18   the resulting damages to plaintiff."[10]  *Armstrong Petrol. Corp. v. Tri-Valley Oil & Gas Co.*, 116

19   Cal App. 4th 1375, 1391 n.6 (2004).  The contracts that SCUP alleges VBI breached are the

20   MLAs, not the subcontracts.  TPC ¶ 23.  SCUP does not assert that it is a party to the MLAs and

21   does not explain why it is entitled to a remedy for a breach of contracts that it is not party to, but

22   SCUP implies that it is a third-party beneficiary to the MLAs.  The parties have not addressed that

23   issue, and the Court need not consider the merits of SCUP's indemnity claim or its breach of

24   contract claim if they are time-barred by the limitations provisions.

25

26

27   [10] Recent California caselaw has called into question the requirement to show damages for a
     contract claim, holding that a plaintiff may recover nominal damages even in the absence of actual
28   damages.  *See Elation Sys., Inc. v. Fenn Bridge LLC*, 71 Cal. App. 5th 958, 965–67 (2021).  The
     Court need not address that issue to resolve the present motion.

United States District Court
Northern District of California

**C.    SCUP's Claims Are Time-Barred by the Limitations Provisions**

Under California law, parties may contractually shorten a statutory limitation period[11] for commencing litigation related to the subject matter of the contract.  *See, e.g.*, *Beeson v. Schloss*, 183 Cal. 618, 622 (1920); *Zamora v. Lehman*, 214 Cal. App. 4th 193, 205–06 (2013).  In ruling on a contractual limitations defense, a court must first decide if the limitations provision is valid as a matter of contractual interpretation.  *See* Cal. Civ. Code §§ 1638–39; *Kashmiri v. Regents of Univ. of Cal.*, 156 Cal. App. 4th 809, 842 (2007).  A valid limitations provision reflects the parties' mutual intent and is "clear, plain, and easily understood."  *See* Cal. Civ. Code § 1636; *C & H Foods Co. v. Hartford Ins. Co.*, 163 Cal. App. 3d 1055, 1064 (1984).  Next, a court must determine if the provision is enforceable.  A limitations provision is enforceable if it is "not so unreasonable as to show imposition or undue advantage in some way."  *See Beeson*, 183 Cal. at 622; *see also, e.g.*, *Moreno v. Sanchez*, 106 Cal. App. 4th 1415, 1430 (2003); *Hambrecht & Quist Venture Partners v. Am. Med. Int'l, Inc.*, 38 Cal. App. 4th 1532, 1548 (1995).  Finally, a court must decide if the limitations provision applies to the disputed claim.  *See Great Am. W., Inc. v. Safeco Ins. Co. of Am.*, 226 Cal. App. 3d 1145, 1151 (1991).  When a limitations provision bars a claim, a court cannot "ignore a provision of the contract imposing time restraints, for to do so, would be to impose liability no longer based on contract."  *See United Pac. Ins. Co. v. Sequoia Ins. Co.*, No. C-88-0455 (EFL), 1991 WL 539973, at *4 (N.D. Cal. Sep. 24, 1991).

For the reasons discussed below, the limitations provisions in the subcontracts between VBI and SCUP are valid, enforceable, and applicable to SCUP's third-party complaint.  Given the clear application of the subcontracts' limitations provisions to the dispute at issue, VBI's defense

---

[11] California's default statute of limitations for breach of a written contract is four years, Cal. Code of Civ. Proc. § 337, and it generally runs from the time of breach.  *Cochran v. Cochran*, 56 Cal. App. 4th 1115, 1120 (1997).  Contractual limitations aside, this would time-bar SCUP's breach of contract claim under SCUP's theory of liability because VBI's alleged breach of the MLAs would have occurred in 2013 and 2015, when it allegedly failed to notify the Union of the subcontracts.  A cause of action for equitable indemnity, on the other hand, "does not even accrue for statute of limitations purposes until the party seeking indemnity has suffered an actual loss by being compelled to pay damages."  *Cnty. of Contra Costa v. Kaiser Found. Health Plan*, 47 Cal. App. 4th 237, 245–46 (1996).  Regardless, that rule would not prohibit the parties from contractually shortening a limitations period or agreeing to an alternative commencement for the period, especially for an *express indemnity* suit based in contract.

11

1  is "obvious on the face of" SCUP's third-party complaint and documents subject to judicial notice,

2  and it is thus an appropriate basis for dismissal under Rule 12(b)(6).  *See Rivera*, 735 F.3d at 902.

3          **1.**        **The Limitations Provisions Are Valid**

4          The limitations provisions are valid because their plain language is clear and unambiguous.

5  The provisions evidence the parties' mutual intent to time-bar SCUP's claims.

6          California Civil Code section 1636 provides that a "contract must be so interpreted as to

7  give effect to the mutual intention of the parties as it existed at the time of contracting, so far as

8  the same is ascertainable and lawful."  Cal. Civ. Code § 1636.  "Although the intent of the parties

9  determines the meaning of the contract, the relevant intent is the objective intent as evidenced by

10  the words used by the parties and not either party's subjective intent."  *Kashmiri*, 156 Cal. App.

11  4th at 838.  "Where contract language is clear and explicit and does not lead to absurd results,

12  [courts] normally determine intent from the written terms alone."  *Id.* at 831 (citing Cal. Civ. Code

13  §§ 1638–39).  Courts read terms as understood in their "ordinary and popular sense."  Cal. Civ.

14  Code § 1644.  Moreover, a contract is ambiguous when "it is capable of two or more

15  constructions, both of which are reasonable."  *La Jolla Beach & Tennis Club, Inc. v. Indus. Indem.*

16  *Co.*, 9 Cal. 4th 27, 37 (1994) (citations omitted).  "Courts will not adopt a strained or absurd

17  interpretation in order to create an ambiguity where none exists."  *Id.* (quoting *Reserve Ins. Co. v.*

18  *Pisciotta*, 30 Cal. 3d 800, 807 (1982)).

19          At least as is relevant to this motion, the language in the limitations provisions provides

20  only one objective intent.  It bars "all actions of any character" "by either party against the other"

21  "arising from or related to the [subcontract], or the performance thereof" "more than two years

22  after the completion or cessation of work under [the subcontract]."  Brown Decl. Ex. 1 at ECF p.

23  157; *id.* Ex. 2 at ECF p. 273.  This language is unequivocal, broadly inclusive, and precise.  It

24  applies to all actions and runs the limitations period from a fixed point in the project timeline,

25  suggesting that the parties intended to negotiate "for the security of knowing the date[s] beyond

26  which they would no longer be exposed to potential liability."  *See Brisbane Lodging, L.P. v.*

27  *Webcor Builders, Inc.*, 216 Cal. App. 4th 1249, 1260–61 (2013).  SCUP has not argued an

28  alternative interpretation that would exclude its claims from such terms.  In the absence of

United States District Court
Northern District of California

1    argument or authority to the contrary, the Court is satisfied that the mutual intent of SCUP and

2    VBI was to impose a two-year limitation, running from project completion or cessation, on any

3    action by either party in relation to the Palo Alto Project and the Park Plaza Project.

### 2. The Limitations Provisions Are Enforceable

5    The limitations provisions are enforceable because the parties voluntarily agreed to them,

6    and SCUP has not argued or established that they are unreasonable.  The limitations do not confer

7    an "imposition or undue advantage" over SCUP because SCUP proposed the limitations in the

8    first place.  *See Beeson*, 183 Cal. at 622.

9    Under California law, courts routinely enforce contractual limitation provisions for

10    indemnity and breach of contract claims.  *See, e.g.*, *Brisbane*, 216 Cal. App. 4th at 1267; *United*

11    *Pac. Ins. Co.*, 1991 WL 539973, at *5; *Great Am. W.*, 226 Cal. App. 3d at 1150; *Zamora*, 214 Cal.

12    App. 4th at 206; *C & H Foods*, 163 Cal. App. 3d at 1064; *TIG Ins. Co. v. ACE Am. Ins. Co.*, 236

13    F. App'x 336, 338 (9th Cir. 2007)).  The Supreme Court has also held that "a provision in a

14    contract may validly limit, between the parties, the time for bringing an action on such a contract

15    to a period less than that prescribed in the general statute of limitations, provided that the shorter

16    period itself shall be a reasonable period."  *Heimeshoff v. Hartford Life & Accident Ins. Co.*, 571

17    U.S. 99, 107 (2013) (quoting *Order of United Com. Travelers of Am. v. Wolfe*, 331 U.S. 586, 608

18    (1947)).  Furthermore, "[t]he Wolfe rule necessarily allows parties to agree not only to the length

19    of a limitations period but also to its commencement."  *Id.*  In this case, the parties contractually

20    agreed to the length and commencement of limitations to their liability for the projects, so the

21    Court cannot ignore those provisions of the subcontracts.  *See Great Am. W.*, 226 Cal. App. 3d at

22    1150.

23    SCUP does not argue in its opposition brief that the limitations provisions of the

24    subcontracts are unreasonable if they bar claims that did not accrue until after the period expired,

25    and the Court is not aware of any authority so holding.  On the contrary, the Ninth Circuit has held

26    — albeit in a nonprecedential memorandum disposition — that a two-year contractual limitations

27    period time-barred an insurance company's indemnity claim under California law, even though

28    that claim "did not come into existence until after the insured's claim . . . became unenforceable

under contractual limitations period." *TIG*, 236 F. App'x at 337. Similarly, the *Great American West* court held that the plaintiff insurance company's claim for indemnity from a previous carrier "never came into existence" because by the time the insurance company paid the claim in question, the previous insurer "was no longer under any contractual obligation to cover the loss." 226 Cal. App. 3d at 1153. This parallels the limitations on VBI's liability to SCUP for the Trust Fund's claims, because VBI was no longer under contractual obligation to SCUP when the Trust Funds commenced their lawsuit. Moreover, courts have found it reasonable for parties to shorten California's four-year statute of limitations for breach of a written contract to as little as "three months, six months, or a year." *See, e.g.*, *Hambrecht*, 38 Cal. App. 4th at 1548 (citations omitted). Enforcing the two-year limitations provisions in this case, which commenced upon competition of the projects, falls squarely within established precedent.

Furthermore, SCUP cannot claim that the limitations provisions are unreasonable when they appear on SCUP's own bid form. SCUP undoubtedly knew about the limitations when it agreed to them, and in any event, ignorance of contractual limitations does not excuse enforcing them. *See C & H Foods Co.*, 163 Cal. App. 3d at 1064; *Sanders v. Am. Cas. Co.*, 269 Cal. App. 2d 306, 310 (1969). In *C & H Foods*, for example, the court rejected the plaintiffs' argument that a one-year contractual limitation should not apply because they were unaware of the provision, since the defendant had furnished the plaintiffs with that policy. 163 Cal. App. 3d at 1064. In this case, SCUP's knowledge of the limitations provisions is undisputed, and it would defy logic to find that SCUP has been unfairly disadvantaged by its own contract term.

### 3. The Limitations Provisions Apply to SCUP's Third-Party Complaint

The limitations provisions apply to SCUP's third-party complaint because SCUP's claims necessarily arise from or relate to the subcontracts, they comprise an action "of any character," and SCUP has not established that the limitations should be tolled or otherwise "extended as provided by law or willful fraud, concealment or misrepresentation." *See* Brown Decl. Ex. 1 at ECF p. 157; *id.* Ex. 2 at ECF p. 273. SCUP's assertion that the limitations do not apply to its claims is impossible to square with the plain language of the provisions.

First, SCUP's claims necessarily arise from or relate to the subcontracts. If VBI and SCUP

14

United States District Court
Northern District of California

1    had not entered into the subcontracts, VBI could not owe SCUP indemnity because SCUP would

2    not owe the Trust Funds any contributions for these projects.  Similarly, if VBI had not retained

3    SCUP as a subcontractor, VBI could not have breached Section 11 of the MLAs requiring it to

4    notify the Union that it had done so.  SCUP's argument that the limitations provisions do not

5    apply to the MLAs because the subcontracts do not incorporate the MLAs is irrelevant.  While

6    SCUP's claims may arise from the MLAs, the facts underlying those claims nonetheless *also*

7    relate to the subcontracts.  To the extent that Section 11 of the MLAs renders VBI liable to the

8    Trust Funds for SCUP's delinquencies on the projects, even "without limitation," SCUP also

9    agreed, in the subcontracts, that any action that it might have related to the subcontracts—even

10   one based on the MLA provision that only applies here because of the existence of the

11   subcontracts—would have a shortened limitations period.  *See* Compl. Ex. A at 20; *id.* Ex. B at 20;

12   *id.* Ex. C at 17–18.  Second, SCUP's third-party complaint plainly constitutes an "[action] of any

13   character, whether at law or in equity, and whether sounding in contract, tort or otherwise."  *See*

14   Brown Decl. Ex. 1 at ECF p. 157; *id.* Ex. 2 at ECF p. 273.  Third, SCUP has not cited any law or

15   alleged any "willful fraud, concealment or misrepresentation" that should toll or otherwise extend

16   the contractual limitations.  *See id.* Ex. 1 at ECF p. 157; *id.* Ex. 2 at ECF p. 273.  Consequently,

17   SCUP's third-party complaint, commenced more than two years after completion of the projects,

18   is precisely the kind of action for which the parties contractually waived their right to seek a

19   judicial remedy.

20           **D.    Leave to Amend Would Be Futile**

21           At the hearing, SCUP requested leave to amend to argue that the delayed discovery rule

22   precludes enforcing the limitations provisions under *Moreno*, because SCUP was not aware of its

23   liability to the Trust Funds until after the contractual limitations period expired.  *See* 106 Cal. App.

24   4th at 1432.  Although an action generally accrues at the time of injury, a cause of action accrues

25   under the delayed discovery rule when the "plaintiff either (1) actually discovered his injury and

26   its negligent cause or (2) could have discovered injury and cause through the exercise of

27   reasonable diligence."  *Leaf v. City of San Mateo*, 104 Cal. App. 3d 398, 407 (1980) (citation,

28   italics, and internal quotation marks omitted).  In *Moreno*, the plaintiff home buyers sued the

1    defendant home inspector for failing to discover and report defects in their home that made them

2    ill.  106 Cal. App. 4th at 1418–22.  The court held that it was unreasonable for a one-year

3    limitation provision in the home inspection contract to accrue on the date of the inspection, as

4    agreed, holding instead that it should accrue when the plaintiffs discovered the injury under the

5    delayed discovery rule.  *Id.* at 1432.

6        But *Moreno* is distinguishable from the present action for two reasons.  First *Moreno*'s

7    holding is limited to contracts between unsophisticated laypeople and licensed professionals or

8    skilled craftspeople, because those contracts implicate a public policy goal to provide plaintiffs

9    who rely on that expertise with "sufficient time to effectively pursue a judicial remedy."  *See id.* at

10   1430.  That reasoning does not apply to this case because VBI and SCUP "occupied positions of

11   equal bargaining strength and both parties had the commercial and technical expertise to

12   appreciate fully the ramifications of agreeing to a defined limitations period."  *See Brisbane*, 216

13   Cal. App. 4th at 1267.  SCUP knowingly presented the limitations provisions to VBI in its bid

14   proposal, and the Court has no reason to doubt that the parties assented to their terms with

15   equivalent bargaining power—or, at the very least, that SCUP did not lack bargaining power in

16   offering its own term sheet to VBI.  Second, unlike in *Moreno*, the limitations provisions in this

17   case implicitly abrogate the delayed discovery rule.  *See* 106 Cal. App. 4th at 1420.  The clause

18   stating that the "limitation shall not be extended by any negligent misrepresentation or

19   unintentional concealment" suggests that the parties intended for the limitations provisions to

20   apply regardless of when an injury was discovered or whether a dispute was foreseeable to either

21   party at the time they agreed to the subcontracts.  *See* Brown Decl. Ex. 1 at ECF p. 157; *id.* Ex. 2

22   at ECF p. 273.  As such, applying the delayed discovery rule in this case would impermissibly set

23   aside the terms of the parties' agreements.  Leave to amend on those grounds would be futile.

24   **IV.    CONCLUSION**

25       For the reasons discussed above, VBI's motion to dismiss is GRANTED.  All of SCUP's

26   claims against VBI are time-barred by the limitations provisions in the subcontracts, so leave to

27   / / /

28   / / /

United States District Court
Northern District of California

amend would be futile.  Leave to amend is therefore DENIED, and SCUP's claims are

DISMISSED WITH PREJUDICE.

     **IT IS SO ORDERED.**

Dated: June 28, 2022

                                                _____

                                         JOSEPH C. SPERO
                                         Chief Magistrate Judge

United States District Court
Northern District of California