UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES, IN THEIR CAPACITIES AS TRUSTEES OF THE LABORERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SANTA CRUZ UNDERGROUND AND PAVING, INC., et al.,<br><br>Defendants. | Case No. 21-cv-05105-JCS<br><br>**ORDER GRANTING MOTION FOR ATTORNEYS' FEES AND COSTS AND MOVING CASE MANAGEMENT CONFERENCE TO 2:00 PM ON OCTOBER 14, 2022**<br><br>Re: Dkt. No. 60 |

## I. INTRODUCTION

This dispute is an offshoot of a lawsuit brought under Section 502 of the Employment Retirement Income Security Act ("ERISA"), as amended, 29 U.S.C. § 1132, and Section 301 of the Labor Management Relations Act, 9 U.S.C. § 185, in which the Board of Trustees of several Laborers' Trust Funds ("Trust Funds") sued Defendant Santa Cruz Underground and Paving, Inc. ("SCUP") to recover employer contributions due under a collective bargaining agreement with the Northern California District Council of Laborers, to which SCUP is a signatory. SCUP, in turn, filed a third-party complaint for indemnity and breach of contract against Vance Brown, Inc., ("VBI"), the general contractor for whom SCUP performed some of the construction work that is at issue in the case. Third-Party Compl. ("TPC," dkt. 28). On June 28, 2022, the Court dismissed the third-party complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure on the basis that it was time-barred and VBI now brings a Motion for Attorneys' Fees and Costs ("Motion"), seeking an award of fees and costs incurred as a result of being brought into this action against SCUP. Dkt. 60. **The Court finds the Motion is suitable for determination without oral**

**argument and therefore vacates the motion hearing scheduled for October 14, 2022 pursuant to Civil Local Rule 7-1(b). The case management conference set for the same date shall remain on calendar but will be conducted at 2:00 p.m. instead of 9:30 a.m.  To the extent the underlying claims against SCUP appear to have been resolved in mediation,** *see* **dkt. 59, the Court will vacate the Case Management Conference upon receipt of a stipulated dismissal.** For the reasons set forth below, the Motion is GRANTED and the Court awards VBI $70,723.52 in attorneys' fees and costs.[1]

## II. BACKGROUND

### A. Procedural Background

The Court thoroughly discussed the underlying facts of this case in its June 28, 2022 order and therefore summarizes them only briefly here. *See* dkt. 52 at 2–11.  The Trust Funds filed this ERISA action against SCUP, a construction contractor, in July 2021, seeking $261,322.06 in unpaid contributions, liquidated damages, and interest.  Compl. at 4–5.  According to SCUP, a significant portion of the contributions sought by the Trust Funds relates to work SCUP performed for VBI under two subcontracts:  the Palo Alto High School Gym project ("Palo Alto Project") and the Park Plaza project ("Park Plaza Project").  TPC ¶¶ 7, 9–10.  As noted in the Court's previous order, "[t]he contributions claimed on the Palo Alto Project alone are 75% of the total contributions claimed in the underlying lawsuit, which also relates to other projects for which SCUP does not seek indemnity from VBI."  Dkt. 52 at 2 (citing TPC ¶ 9; Compl. at 3).

In its third-party complaint against VBI, SCUP asserted VBI was primarily liable for the contributions sought by the Trust Funds on the Park Plaza and Palo Alto Projects based on the terms of the subcontracts between SCUP and VBI ("Subcontracts").  TPC ¶¶ 19, 25.  The Court dismissed SCUP's cross-complaint, however, on the basis that its claims were time-barred under the limitations provision in the Subcontracts, which it found to be "valid, enforceable, and applicable."  Dkt. 52 at 11.  The Court further found that amendment of the cross-complaint against VBI would be futile and therefore dismissed SCUP's claims against VBI with prejudice.

---

[1] The parties have consented to the jurisdiction of a United States magistrate judge pursuant to 28 U.S.C. § 636(c).

*Id.* at 15-17.

### B. Contentions of the Parties

#### 1. Motion

In the Motion, VBI petitions the Court for an award of attorneys' fees and costs, in the amount of $71,348.52,[2] pursuant to the attorneys' fees provision in the Subcontracts. Motion at 4, 6. In particular, the Subcontracts contain the following fee provision:

> **Attorney Fees.** If either party becomes involved in litigation arising out of this Contract or the performance thereof, the court in such litigation, or in a separate suit shall award reasonable costs and expenses, including attorney fees, to the prevailing party. In awarding attorney fees, the court will not be bound by any court fee schedule; but shall, if it is in the interest of justice to do so, award the full amount of costs, expenses and attorney fees paid or incurred in good faith.

Dkt. 38-1, ECF p. 157. According to VBI, this fee provision is enforceable under California Civil Code section 1717. Motion at 6. VBI also points out that the Court has already found that the Subcontracts are enforceable. *Id.* (citing dkt. 52 at 10).

VBI asserts that it is entitled to fees and costs under the Subcontracts as the prevailing party, having prevailed on its motion to dismiss and obtained a dismissal with prejudice of all claims asserted against it in this action. Motion at 7. It further contends the Court should award the "full amount" of fees and costs incurred, from the time SCUP filed its third-party complaint against VBI to date, because these amounts were "incurred in good faith" and such an award is "in the interest of justice." *Id.* at 7-8.

In support of the amount VBI requests in attorneys' fees, VBI asserts that both its hourly rates and the amount of time billed are reasonable. With respect to hourly rates, VBI seeks attorneys' fees billed by three Seyfarth Shaw LLP ("Seyfarth") attorneys: Gregg Dulik (a construction law specialist), Jonathan Braunstein (an ERISA specialist), and Sara Rogers (a mid-

---

[2] The total amount requested in the Motion "consists of the amounts that Seyfarth has already billed VBI and that VBI has already paid in full ($63,208.52), plus the amount that Seyfarth will bill VBI in connection with this motion for attorney fees and costs ($6,577.50), plus the estimated amount that Seyfarth will charge VBI for drafting a reply brief and arguing this motion ($1,562.50)." Dulik Decl. ¶ 15.

3

level associate with commercial litigation experience). Dulik Decl. ¶¶ 2, 4-7. Dulik's standard rate is $895 per hour but he charges VBI, a long-time client, reduced rates of $585 (2021) and $625 (2022) per hour. *Id.* ¶ 2. Braunstein and Rogers charge $790 and $600 per hour, respectively. *Id.* ¶¶ 5, 7. VBI has provided the firm biographies of each of these attorneys in support of its request. *See* Dulik Decl., Ex. A. According to VBI, the rates charged for all three attorneys are reasonable in the light of the prevailing rates for attorneys with comparable experience in the relevant legal market (San Francisco). Motion at 9.

With respect to time billed, VBI's fee request is based on a total of 97.4 hours, which "consists of 84.00 hours that the firm has billed VBI for time spent through June 2022; 10.9 hours that the firm has spent preparing this motion; and 2.50 hours that are estimated to be spent preparing a reply brief and arguing this motion." Motion at 9 (citing Dulik Decl. ¶ 9, 12-13). The 84 hours billed through June 2022 are reflected in invoices filed in support of the Motion that list the services provided during this period by Dulik (20.1 hours) and Braunstein (63.9 hours).[3] In addition, Dulik states in his declaration that the subsequent 10.9 hours consisted of the time spent by Rogers on the instant motion (9.4 hours) and 1.5 hours by Dulik spent meeting and conferring with SCUP's counsel and reviewing and finalizing the Motion. Dulik Decl. ¶ 12. VBI did not supply time sheets or invoices breaking down the time spent by Rogers into specific tasks associated with drafting the Motion. As to the 2.5 hours estimated time devoted to the reply, VBI assumed that work would be performed by Dulik at his 2022 discounted rate of $625/hour. *Id.* ¶ 13.

VBI argues that the overall time it has spent defending this case is reasonable and that its ability to "piece together a sufficient evidentiary record, and prevail on VBI's motion to dismiss" instead of proceeding to summary judgment or trial even resulted in lower fees than would otherwise have been incurred. Motion at 10.

Finally, VBI requests $229.02 in costs. Motion at 2. According to Dulik, these costs were "primarily for on-line legal research." Dulik Decl. ¶¶ 9, 16. The costs are reflected in the

---

[3] Rogers' work on the case appears to be limited to her work on the instant motion, performed after June 30, 2022, and thus is not reflected in these invoices.

4

invoices supplied in support of the Motion. *See* Dulik Decl., Ex. B at ECF p. 32 (reflecting $150.04 in charges for online research), p. 37 (reflecting $58.81 in charges for online research and $20.17 for courier service).

### 2. Opposition

SCUP does not dispute that VBI is entitled to an award of attorneys' fees and costs under the Subcontracts and agrees that California law governs VBI's request but contends the fees VBI seeks are unreasonable, were not incurred in good faith, and should be significantly reduced. Opposition at 1-2, 4.

First, SCUP argues that the amount of fees requested by VBI is excessive in light of the "context" in which the Motion is brought, namely, in a case where the underlying Complaint sought $250,000 in damages and SCUP sought indemnity on that amount from VBI; where VBI's motion to dismiss was mainly based on a "statute of limitations issue"; "[t]he case was *de facto* stayed pending the ruling on that motion" and there was "no discovery, or other litigation activity[;]" and where "multiple deadlines were extended." *Id.* at 1.

Second, SCUP asserts the time billed should be reduced because of block billing and vague time entries. *Id.* In particular, SCUP points to: (1) five block-billed time entries by Braunstein in connection with his work on the motion to dismiss that SCUP contends "do not reflect efficiency of depth of experience[;]"[4] (1) 37.9 hours of time, including block-billed time, by Braunstein that mentions research, which SCUP contends is excessive given that Braunstein was hired as an expert;[5] SCUP also suggests Braunstein's time working on the motion to dismiss (according to SCUP, 18.9 hours billed for work on the motion, 6.8 hours on the Reply and 0.3 hours to prepare for the hearing) was excessive; (2) "Multiple entries seem to pertain to case analysis not involving

---

[4] SCUP points to the following Braunstein time entries in support of this point: 1) 2/24/2022 (8 hours); 2) 2/25/2022 (8 hours); 3) 2/28/2022 (8.2 hours); 4) 3/1/2022 (4.5 hours); 5) 3/2/2022 (4.2) hours. Opposition at 3 (citing Dulik Decl., Ex. D (summary of invoices) at 1-2.

[5] Although SCUP did not specifically identify the time entries included in this category, the Court finds that the following time entries for work by Baunstein included references to "research": 1) 2/24/2022 (8 hours); 2) 2/28/2022 (8.2 hours); 3) 3/1/2022 (4.5 hours); 4) 3/2/2022 (4.2 hours); 5) 3/4/2022 (3.7 hours); 6) 3/7/2022 (1.4 hours); 7) 3/28/2022 (4.3 hours); 8) 3/29/2022 (3.6 hours Dulik Declaration, Ex. B. These entries total 37.9 hours.

5

1  the motion to dismiss" and therefore that work was "not reasonable[;]" and  (3) "Nearly 68.7[6]

2  hours were block-billed with vague descriptions as to what task was being completed, limiting the

3  ability to assess what work was being performed." *Id.*

4        Third, SCUP argues that VBI's motion for fees and costs should never have been filed

5  because SCUP offered to reimburse VBI $44,000 in attorneys' fees and costs, which VBI rejected.

6  *Id.* at 1-2, 7.  SCUP asserts that VBI should not be awarded fees and costs incurred in connection

7  with the instant motion because the motion would not have been necessary if VBI had accepted

8  SCUP's offer.  *Id.*; Mason Decl. ¶ 2 & Ex. 1.

9        Finally, SCUP argues that VBI's fee request is excessive based on a "survey of California

10 and federal cases dismissed on demurrer or motion to dismiss" reflecting that parties in such cases

11 "typically sought fees for less than $20,000."  Opposition at 2, 8 (citing *Ojeda v. Indymac Fed.*

12 *Bank,* No. SACV 09-1360 DOC(ANx), 2010 U.S. Dist. LEXIS 13452, at *2 (C.D. Cal. Feb. 17,

13 2010) (awarding $2,740 in fees and costs); *Grechko v. Calistoga Spa, Inc*., No. 21-cv-06726-

14 EMC, 2022 U.S. Dist. LEXIS 71752, at *4-5 (N.D. Cal. Apr. 19, 2022) (awarding $20,625 in fees

15 and costs); *Minichino v. First Cal. Realty*, No. C-11-5185 EMC, 2012 U.S. Dist. LEXIS 177524,

16 at *5 (N.D. Cal. Dec. 14, 2012) (awarding $12,813 in fees and costs); *Owens v. Klamath Falls Or.*

17 *State Police Dep't*, No. 1:11-cv-3049-PA, 2012 U.S. Dist. LEXIS 66923, at *7 (D. Or. May 14,

18 2012); *Winters v. Jordan*, No. 2:09-cv-00522, 2011 U.S. Dist. LEXIS 161031, at *2-3 (E.D.Cal.

19 Apr. 20, 2011) (awarding $5,701.70 in fees and costs).  SCUP notes that "a federal case granted in

20 excess of $90,000 in fees following a motion to dismiss" but that that case involved a temporary

21 restraining order, preliminary injunction, and a motion to dismiss."  Opposition at 8 (citing

22 *Californians for Alternatives to Toxics v. Troyer*, No. CIV. S-05-1633 FCD KJM, 2006 U.S. Dist.

23 LEXIS 56203, at *30 (E.D. Cal. Aug. 11, 2006)).

24        SCUP asserts "$71,348.52 is an obscene amount for a matter resolved by a motion to

25 dismiss," and asks the Court to award only $26,430.80 in fees and costs.  *Id.*  at 2, 7.  In particular,

26 it asks the Court to deduct:  (1) $29,941 to account for 37.9 hours of time billed by Braunstein for

---

[6] SCUP does not identify the specific time entries upon which it bases this figure.

what it contends was "an obscene amount of time for research[,]" *id.* at 2, 6-7; (2) $8,140 (the amount incurred in connection with the instant motion, including anticipated fees) to account for what it contends was an unnecessary fee motion, *id.* at 2, 7; (3) and $6,670, which constitutes a 20% reduction on the fees that remain after the previous deductions, to account for VBI's block billing. *Id.* at 2, 7.  (SCUP does not challenge VBI's request for $229.02 in costs.)

### 3. Reply

In its reply, VBI asserts that SCUP has "fail[ed] to demonstrate that [VBI] should recover anything less than the full amount of $71,348.52."  Reply (Dkt. 64) at 1.

First, VBI rejects SCUP's assertion that VBI is only entitled to recover fees and costs incurred in connection with its motion to dismiss and cannot recover fees "it incurred for its counsel to review and analyze the various pleadings; review and analyze the relevant project documents (e.g., the subcontracts and the master labor agreements); consult with VBI to develop an appropriate and effective approach for responding to SCUP's third-party complaint; research issues unrelated to the statute of limitations issue; figure out how to address certain deficiencies in the pleadings (e.g., exhibits consisting of incomplete versions of the subject subcontracts and vague allegations of project completion dates) in order to bring a viable motion to dismiss; perform necessary ancillary research for the motion to dismiss; and prepare VBI's motion for fees and costs and this reply brief."  Reply at 1 (citing Opposition at 1: 21-23).

VBI argues that SCUP's approach "ignores the clear and plain terms" of the attorneys' fee provision that "SCUP itself required to be included in the subcontracts[,]" which provides that the court "shall" award the prevailing party the "full amount" of fees and costs that have been "incurred in good faith" when such an award is "in the interest of justice."  *Id.* at 2.  VBI asserts SCUP does not even "remotely contend[]" in its Opposition that VBI's claimed fees and costs were not "paid or incurred in good faith."  *Id.*  VBI further asserts that all fees and costs it has requested were incurred in good faith, as reflected by the fact that they were billed to VBI and paid in full.  *Id.* (citing Dulik Decl. ¶¶ 9, 12, 13).  Moreover, it argues, it is "in the interest of justice" to award VBI the full amount of the fees and costs incurred in this case.  *Id.*  According to VBI, "SCUP does not explain why it – the party that failed to pay its laborers the proper benefits

7

and then made the litigation decision to try and blame VBI – should only have to reimburse VBI for a portion of the fees and costs that VBI paid and incurred in good faith defending against SCUP's third-party complaint." *Id.*

Second, VBI rejects as "specious" SCUP's claim that it requested an "obscene" amount "for a matter resolved by a motion to dismiss." Reply at 3 (quoting Opposition at 2, 8). According to VBI, SCUP's suggested award of between $20,000 and $26,431 "self-servingly" ignores the realities of the lawsuit, which required VBI to do more than simply file a motion to dismiss, as discussed above. *Id.* Furthermore, VBI asserts, the fees and costs it incurred would have been significantly higher if VBI had decided to answer the TPC, engage in discovery, and then file a motion for summary judgment instead of filing a motion to dismiss. *Id.* at 5.

Next, VBI rejects SCUP's assertion that its fees should be reduced on the basis of "block-billing." First, it argues that SCUP has exaggerated the extent of block billing. *Id.* at 4. According to VBI, "one attorney 'block-billed' in 7 of the 47 different time entries included in Exhibit B to the Dulik Declaration" and "[i]f SCUP had spent any time at all reviewing these 7 entries, it would have been obvious to SCUP that virtually all of the listed work activities relate to the motion to dismiss." *Id.* (citing Ex. B, Braunstein's entries for 2/28/2022 (8.2 hours); 3/1/2022 (4.5 hours); 3/2/2022 (4.2 hours); 3/3/2022 (4.9 hours); 3/7/2022 (1.4 hours); 3/8/2022 (3 hours); and 3/25/2022 (4.5 hours)[7]). Further, VBI contends, SCUP's assertion that the Court should deduct *all* of Braunstein's time in which the time entry includes the word "research" (37.9 hours, giving rise to a deduction of $29,941.00 based on Braunstein's hourly rate) is unreasonable as it amounts to arguing that Braunstein should not have conducted *any* research in connection with the motion to dismiss and therefore should not be compensated for any of his work on the motion to dismiss, whether research or other work. *Id.* VBI contends SCUP's request for a 20% reduction

---

[7] The Court notes that the seven time entries VBI identifies in its Reply brief include three of the five block-billed entries called out by SCUP (Braunstein's time entries for 2/28/2022, 3/1/2022 and 3/2/2022) but do not address the other two block billed entries SCUP pointed to, for 2/24/2022 and 2/25/2022. VBI, in turn, includes in its tally of block-billed time two Braunstein entries that SCUP did not specifically address in its brief, for 3/7/2022 and 3/25/2022. The seven time entries listed by VBI account for 23.2 hours of billed time (in contrast to the 68.7 hours of the 84 hours reflected in VBI's invoices that SCUP claims were block billed).

8

based on block billing is also unsound as SCUP does not explain what the reduction is for or how the block billing resulted in "inefficiencies in performing the underlying work." *Id.* at 4-5.

Next, VBI rejects SCUP's argument that its fees should be reduced on the basis that they are disproportionately large in comparison to the amount of damages sought in the underlying action. Reply at 5. VBI contends that whether "$2,500,000 is in dispute . . . [or, as in this case,] there is $250,000 in dispute," "it takes just as much time and effort to analyze a new matter and to bring a well-reasoned and supported motion to dismiss." Reply at 5. Therefore, VBI asserts, the requested amount of $71,348.52 should not be considered "excessive[,]" regardless of the amount at issue in the underlying case, Reply at 5. In any event, VBI asserts, its fee and cost request of $71,348.52 is reasonable because it amounts to only 28.5% of the $250,000 in dispute and would have been significantly higher if it had filed an answer, engaged in discovery and filed a motion for summary judgment instead of bringing a motion to dismiss the case on the pleadings." *Id.*

VBI also rejects SCUP's position that "attorney fees of $20,000.00 to $26,430.80 are reasonable in a matter such as this." Reply at 6 (citing Opposition at 7-8). According to VBI, none of the cases cited by SCUP in which fees in this range were awarded involved "contractual prevailing party fee provisions" "much less one like the parties agreed to here where the Court is required to award the prevailing party the 'full amount' of its fees and costs incurred in good faith, and subject to the interests of justice." *Id.* VBI further distinguishes the cases cited by SCUP on the basis that none "involve attorney services anything like the services provided by VBI's attorneys in this ERISA/construction dispute." *Id.* at 7.

Finally, VBI rejects SCUP's argument that the instant motion was unnecessary because it should have accepted SCUP's offer to settle the fee dispute for $44,000. *Id.* It notes that this argument impermissibly reveals settlement discussions, in violation of Rule 408 of the Federal Rules of Evidence, but argues that even apart from that violation the argument is incorrect because SCUP's offer did not come close to the "full amount" to which VBI is entitled under the Subcontracts. Reply at 7.

9

### III. ANALYSIS

#### A. Whether VBI is Entitled to Fees and Costs Under the Contract

Because SCUP asserted state law claims for breach of contract and indemnity against VBI – and VBI seeks an award of fees and costs under the fee provision in the Subcontracts – California law applies to VBI's request for fees and costs. California Civil Code section 1717 provides that prevailing party attorney fee provisions are valid and enforceable, stating that "In any action on a contract, where such contract specifically provides that attorney's fees and costs, which are incurred to enforce the provisions of such contract, shall be awarded to one of the Parties, the prevailing party, whether he is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to costs and necessary disbursements." Cal. Civ. Code section 1717.

Here, there is no dispute (and the Court has already found) that VBI and SCUP entered into valid and enforceable contracts with prevailing party fee provisions. Nor is there any dispute that VBI prevailed in the action by obtaining a dismissal with prejudice of all of SCUP's claims against it. The parties are also in agreement that VBI is only entitled to "reasonable" fees and costs that were incurred "in good faith." Furthermore, while SCUP suggests VBI's fees were not in good faith, it argues only that VBI's fees were not in good faith *because* they were unreasonable. *See, e.g.,* Opposition at 4 (arguing that "The provision under which VBI seeks attorneys' fees affirms that only fees incurred in good faith may be claimed. (Dkt 60, p. 3:15-16.) For the reasons below, VBI's requested fees in excess of $71,000 are not reasonable."). SCUP does not argue that any of VBI's fees should be deducted because they were not incurred in good faith even though reasonable or because they were incurred in good faith but nonetheless unreasonable. Because SCUP's assertion that VBI's fees were not incurred in good faith is based only on the reasonableness of VBI's fees and SCUP has pointed to no independent evidence that any fees were not incurred in good faith, the Court treats these requirements as the same for the purposes of the instant motion.

Finally, although SCUP implies in its brief that VBI is limited to fees incurred in connection with VBI's motion to dismiss, it offers no explanation as to how that argument squares

10

1  with the broad language of the fee provision, providing for the award of the "full amount" of fees
2  and costs incurred by the prevailing party in "litigation."  Nor does it point to any case authority in
3  support of its position.  Applying the basic principles of contract construction, the Court finds that
4  the fee provision in the Subcontracts is unambiguous and does not limit available fees and costs to
5  those incurred in connection with dispositive motions. *See Mountain Air Enterprises, LLC v.*
6  *Sundowner Towers, LLC*, 3 Cal. 5th 744, 752 (2017) ("if the meaning a layperson would ascribe to
7  contract language is not ambiguous, we apply that meaning.").  Rather, VBI is entitled to any fees
8  and costs incurred in this litigation so long as they were reasonable.

### B. Reasonableness of Attorneys' Fees

The "lodestar method" is the accepted calculation of attorney fees in California.  *Syers Properties III, Inc. v. Rankin*, 226 Cal. App. 4th 691, 697–698 (2014).   The lodestar is calculated by multiplying a reasonable hourly rate by the number of hours reasonably expended.  *Id.*  While the lodestar "is the basic fee for comparable legal services in the community[,]" "it may be adjusted by the court based on a number of factors, in order to fix a fee at the fair market value for the particular action." *Id.* (internal quotation and citation omitted).  "In effect, the court determines, retrospectively, whether the litigation involved a contingent risk or required extraordinary legal skill justifying augmentation of the unadorned lodestar in order to approximate the fair market rate for such services." *Id.* (internal quotation and citation omitted).  SCUP's arguments in favor of a reduction in VBI's request relate to VBI's calculation of its basic lodestar amount.

#### 1. Rates Charged

Reasonable hourly rates will be determined by the "prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895 (1984); *see also Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001).  "The burden is on the plaintiff to produce evidence that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Sorenson*, 239 F.3d at 1145 (cleaned up).  Affidavits and rate determinations in other cases will be "satisfactory evidence of the prevailing market rate*." United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407

(9th Cir. 1990). "Rebuttal evidence in support of a lower hourly rate" may be submitted by the opposing party. *Sorenson*, 239 F.3d at 1145.

In support of its fee request, VBI has submitted evidence reflecting the qualifications of the attorneys who billed on this case and evidence relating to prevailing rates in the San Francisco area. *See* Dulik Decl. ¶¶ 19, 20 & Exs. A, F. SCUP does not dispute that the rates VBI seeks are reasonable and the Court finds them to be reasonable. The Court, therefore, calculates VBI's lodestar based on the following rates: (1) Dulik - $585 an hour for work done in 2021 and $625 an hour for work done in 2022; (2) Braunstein - $790 an hour; and (3) Rogers - $600 an hour.

### 2. Hours Billed

#### a. Legal Standards

It is "well established" that under California law, "detailed time records" are not required and "trial courts have discretion to award fees based on declarations of counsel describing the work they have done and the court's own view of the number of hours reasonably spent." *Syers*, 226 Cal. App. 4th. at 698 (cleaned up). Because the court does not require time records, "there is no required level of detail that counsel must achieve." *Id*. at 699; *see also Fischer v. SJB-P.D. Inc*., 214 F.3d 1115, 1121 (9th Cir. 2000) ("Although we have expressed a 'preference' for contemporaneous records, we have never held that they are absolutely necessary."). Nevertheless, the fee applicant still bears the initial burden of showing the hours it billed are reasonable. *See Raining Data Corp. v. Barrenechea*, 175 Cal. App. 4th 1363, 1375 (2009).

#### b. Whether Overall Hours Billed are Excessive in View of the "Context" of the Case

SCUP contends the overall hours billed by VBI are "obscene" in light of the amount of damages sought in the underlying action and the fact that the case was dismissed on a Rule 12(b)(6) motion, pointing to a handful of cases that were resolved on a motion to dismiss in which fee awards were less than $20,000. The Court disagrees.

First, SCUP has not cited any authority in support of its contention that the Court should reduce the fees VBI incurred to defend itself against liability on the basis of the amount of

damages that the Trust Funds seek against SCUP, and the Court finds none.[8]

The Court also does not find the district court cases cited by SCUP in which fee awards were lower than what VBI seek here, *see* Opposition at 7-8, shed any significant light on the reasonableness of VBI's hours. A fee award turns on the specific facts of the case. *See Graciano v. Robinson Ford Sales, Inc.*, 144 Cal. App. 4th 140, 155 (2006) ("the awarding of attorney fees is a highly fact-specific matter best left to the trial court's discretion"). Other than the fact that the cases cited by SCUP involved dismissals on a motion to dismiss, SCUP has not demonstrated that the specific facts of those cases are comparable to the facts here, and as even SCUP concedes, courts have awarded significantly higher amounts in fees where the facts warranted such an award. *See* Opposition at 8 (citing *Californians for Alternatives to Toxics*, 2006 U.S. Dist. LEXIS 56203 at *30 (awarding $90,000 in a case resolved on a motion to dismiss)).

Further, the Court finds that the hours on which VBI bases its fee request are generally reasonable. VBI's billed time falls into three categories: (1) fees incurred on the motion to dismiss; (2) fees incurred on the fee motion; and (3) fees incurred on other work in the case. Based on the Court's review of the evidence supplied by VBI, it appears that VBI billed approximately (1) 69.1 hours for work on the motion to dismiss; (2) 13.4 hours on this fee motion; and (3) 14.9 hours for all other work on the case.

Based on its intimate familiarity with the issues raised in VBI's motion to dismiss, the Court finds that the overall hours billed on that motion to be reasonable in light of its complexity. SCUP's characterization of that motion as a straightforward "statute of limitations" motion is incorrect. Similarly, the Court finds the overall hours spent on the fee motion to be reasonable.[9] Further, while SCUP asserts VBI's fees should be reduced by $8,140 (the amount VBI seeks for work on the instant motion) because VBI did not accept its settlement offer, it does not dispute that

---

[8] It may be that SCUP is alluding to the case authority that directs courts to consider the results obtained, including the amount of the damages award, by a prevailing *plaintiff* in determining the amount of fees that are reasonable. *See Hensley v. Eckerhart*, 461 U.S. 424, 440 (1983) ("[W]here the plaintiff achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained."). That authority does not apply here.
[9] However, the Court will deduct $625 (equal to fees for one hour of Dulik's time) to account for the fact that the hearing on the instant motion was vacated).

13

as a general rule, prevailing parties are entitled to fees on fees; nor does it cite any authority that those fees should be denied based on an offer to settle the fee dispute prior to motion practice.[10]

Finally, the Court has reviewed the invoices supplied by VBI and finds that the hours billed on other tasks, such as reviewing the initial pleadings, investigating the contractual relationship between SCUP and VBI, conferring with the client and developing a case strategy, are reasonable.

### c. Whether Fees Should be Reduced Based on Block Billing

SCUP asserts that the Court should make the following reductions to VBI's fees based on block billing: (1) a reduction of $29,941 to account for all of Braunstein's time entries (many of which were block billed) that refer to "research"; and (2) a 20% reduction on the fees that remain after deducting for Braunstein's research time entries and the fees incurred on the instant motion (discussed above) to account for block billing. The Court rejects both arguments.

SCUP offers little justification for its request that *all* of the time entries for Braunstein that mention "research" must be excluded. As many of these are block billed entries describing numerous other tasks, it is clear that the 37.9 hours SCUP seeks to exclude significantly overstates the amount of time Braunstein spent conducting research. The Court also does not agree with SCUP that Braunstein should not have needed to conduct research to draft the motion to dismiss because he was brought in based on the depth of his experience. As the Court previously stated, the motion to dismiss was not a simple motion, contrary to SCUP's assertion, and it therefore is to be expected that Braunstein conducted some legal research in connection with that motion.

The Court also rejects SCUP's assertion that a percentage reduction in fees (applied to *all* of the attorneys who billed for work on the case) should be imposed to take into account block billing and inefficiency. *See* Opposition at 2, 6. SCUP relies heavily on block-billed time entries for Braunstein's work, but the Court concludes based on its review of the invoices that the large

---

[10] The Court notes that to the extent Rule 68 of the Federal Rules of Civil Procedure can result in a cap on damages based on a settlement offer that exceeds the damages actually awarded, that rule may be invoked only when its specific requirements have been satisfied, including formally serving the offer on the opposing party. Even assuming Rule 68 applied to the fee dispute here (it almost certainly doesn't), SCUP does not argue that it complied with Rule 68 and there is no evidence that it did.

14

blocks of time Braunstein billed were devoted almost entirely to researching and drafting the motion to dismiss and reply on that motion. As noted above, California courts do not require detailed, minute-by-minute records of an attorney's work, s*ee Syers*, 226 Cal. App. 4th at 698-699, and the Court has already found that the overall time billed on that motion was reasonable. Therefore, it declines to impose a percentage reduction on Braunstein's time. Likewise, the Court declines to impose a percentage reduction on Rogers' time given that it has found that the time she spent on the fee motion (which is the only work she billed for) was reasonable. As to Dulik, the descriptions of his time in the invoices are detailed and broken into smaller time periods than Braunstein's time entries, providing no basis for a percentage reduction on his time based on inefficiency or block billing.

### C. Reasonableness of Costs

As discussed above, VBI claims $229.02 in costs. The fee provision in the Subcontracts provides for an award of costs to the prevailing party and SCUP has not challenged VBI's request for $229.02 in costs, which is awarded in full.

## IV. CONCLUSION

For the reasons stated above, the Motion is GRANTED and VBI is awarded $70,723.52 in attorneys' fees and costs.

**IT IS SO ORDERED.**

Dated: October 10, 2022

_____
JOSEPH C. SPERO
Chief Magistrate Judge